DENNIS R. WHEELER; SBN 221317
Law Offices of Dennis R. Wheeler
2358 Market Street
San Francisco, CA 94114
Tel: (415) 865-0212
Fax: (415) 789-4284

Attorney for Plaintiff David J. Vargas

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DAVID J. VARGAS**, <br><br> Plaintiff; <br><br> vs. <br><br> **CREDIT BUREAU OF NORTHERN CALIFORNIA COLLECTION SERVICES, INC., DBA CREDIT BUREAU SERVICES, INC.;** <br> and <br> **KEMP & KEMP;** <br> and <br> **JAMES F. KEMP;** <br> and <br> **DOES 1 through 10, inclusive**, <br><br> Defendants. | Case No: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices and Abuse of Process)** |

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, David J. Vargas, an individual consumer, against Defendant, Credit Bureau of Northern California Collection Services, Inc., dba Credit Bureau Services, Inc.; Kemp & Kemp; and James F. Kemp for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and the Rosenthal Fair Debt

1

Collection Practices Act, Cal. Civ. Code § 1788 et seq. (hereinafter "RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Under the same facts, Plaintiff also seeks tort damages for abuse of process.

## JURISDICTION

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which provides that actions under the FDCPA may be brought and heard before "any appropriate United States district court without regard to the amount in controversy", and 28 U.S.C. § 1367 grants this Court supplemental jurisdiction over the state claims contained herein.

3. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

4. Plaintiff is a natural person residing in the City of San Francisco, San Francisco County, California.

5. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and according to Defendants, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(h).

6. Upon information and belief, defendant Credit Bureau of Northern California Collection Services, Inc. is a registered California corporation that regularly collects, or attempts to collect consumer debts engaged in the business of collecting debt in this state with its principal place of business located at 929 Lincoln Avenue, Napa, California 94558. This defendant has also used the abbreviated name "Credit Bureau Services, Inc." in legal filings in California Superior Court. Defendant alleges to be an assignee of Citibank, N.A.

7. Upon information and belief, Kemp & Kemp is a law firm that regularly engages in consumer debt collection activities in the state of California with its principal place of business located at 929 Lincoln Avenue, Napa, California 94558, with mailing address of PO Box 10129, Napa, CA 94581.

8. Upon information and belief, James F. Kemp is an attorney licensed by the state of California who regularly engages in consumer debt collection activities and whose principal place of business is identical to the other two named defendants, 929 Lincoln Avenue, Napa, California 94558, with mailing address of PO Box 10129, Napa, CA 94581.

## FACTUAL ALLEGATIONS

9. On July 27, 2004, Defendants filed a common counts/open book collections lawsuit against Plaintiff alleging that they were the assignee of a Citibank, N.A. account under which Plaintiff was alleged to owe $7,272.57 under a credit card agreement. Defendants swore that Plaintiff was personally served with this lawsuit on August 14, 2004 (Plaintiff denies that he was ever personally served in this action).

10. On September 27, 2004, the court granted Defendants' judgment by default in the amount of $8,647.35 consisting of $7,272.57 in damages, $101.49 in pre-judgment interest, $1,075.00 in attorney fees, and $198.30 in costs.

11. On February 15, 2006, under application by Defendants, the court issued a Writ of Execution (Money Judgment) to the San Francisco Sheriff. The Writ of Execution authorized collection of the $8,647.36 judgment, plus the $15.00 writ fee, plus daily interest from the date of the writ at $2.37 per day.

12. On February 24, 2006, the San Francisco Sheriff began enforcing the writ by garnishing Plaintiff's wages.

13. On October 10, 2007, Sheriff filed with the court its Return to Court Writ of Execution indicating that a total of $9,464.31 was received from Plaintiff through the wage garnishment, and a total of $9,324.31 was paid to the creditor/attorney. The Return to Court Writ of Execution was filed with the court October 16, 2007.

14. Thus, Defendants' judgment had been fully satisfied as of October 16, 2007.

15. Defendants then, in three separate requests on October 24, 2013, December 13, 2013, and December 19, 2013, applied to renew the September 27, 2004 judgment *for the entire balance of the original judgment plus the filing fee to file for the renewal, plus post-judgment interest of $7,752.60 for a total of $16,429.96. Defendants gave Plaintiff $0.00*

3

*credit for the $9,324.31 received by Defendants through the wage garnishment action which fully satisfied the judgment.*

16. Defendants knew very well where Plaintiff lived as they had served the Complaint and the Writ of Execution on Plaintiff at his San Francisco address.  However, Defendants served the Application for Renewal of Judgment on Plaintiff at an address in Merced, CA where the Plaintiff had not resided for many years.  Defendants did this in order to prevent Plaintiff from becoming aware of the illegal renewal of the fully satisfied judgment.

17. On December 19, 2013 the court granted the Defendants' application to renew the judgment for 100 percent of original judgment amount of $8,647.36 plus $7,752.60 in post-judgment interest and the $30.00 fee to file the renewal application for a total of $16,429.96. Defendants thereby set upon a course of using the courts and the legal collection process to collect almost three times what they were entitled to under the court's original default judgment which had previously been satisfied through the wage garnishment action.

## FIRST CLAIM FOR RELIEF

18. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    a. Defendants violated § 1692d of the FDCPA by engaging in conduct the natural consequences of which was to harass, oppress, or abuse Plaintiff;

    b. Defendants violated § 1692e of the FDCPA by using false, deceptive, or misleading representations in connection with the collection of a debt;

    c. Defendants violated § 1692e(2)(a) of the FDCPA by making a false representation of the character, amount, or legal status of a debt;

    d. Defendants violated § 1692e(8) of the FDCPA by communicating to any person credit information which is known to be false;

    e. Defendants violated § 1692e(10) of the FDCPA by using a false representation or deceptive means to collect or to attempt to collect a debt;

    f. Defendants violated § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt;

    g. Defendants violated § 1692f(1) by attempting to collect amounts not permitted by law.

19. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, for actual damages, statutory damages, costs, and attorney fees.

## SECOND CLAIM FOR RELIEF

21. Defendants violated the RFDCPA. Defendants' violations include, but are not limited to the following:

    a. Defendants violated § 1788.13(e) by falsely representing that the debt could be increased by attorney's fees, investigation fees, service fees, finance charges, or other charges when in fact such fees or charges could not be legally added to the obligation;

    b. Defendants violated § 1788.14 by collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law.

22. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23. As a result of the foregoing violations of the RFDCPA, Defendants are liable to the Plaintiff for actual damages, statutory damages, costs, and attorney fees.

## THIRD CLAIM FOR RELIEF

24. Defendants committed the tort of Abuse of Process by willfully instituting legal process (the wrongful and illegal renewal of a judgment they knew had been satisfied) against Plaintiff for an ulterior purpose of collecting more than they were legally owed.

25. As a result of Defendant's abuse of process, Defendants are liable to the Plaintiff for economic and emotional distress damages. Furthermore, since the abuse of process herein was flagrant, egregious and fraudulent, Defendants are also liable to Plaintiff for punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

1. Declaratory judgment that Defendants' conduct violated the FDCPA and RFDCPA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages for abuse of process according to law;
5. Costs and reasonable attorney fees; and
6. For such other relief as the Court may deem just and proper.

DATED:   January 30, 2014

                          LAW OFFICES OF DENNIS R. WHEELER
                          Attorney for Debtor

                          By    /s/ Dennis R. Wheeler
                          DENNIS R. WHEELER, ESQ.